UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KAIYU WEN, )<br>)<br>Defendant. ) | Case No. 4:23-cr-00470-3-MTS |

### MEMORANDUM AND ORDER

On April 9, 2025, Defendant Kaiyu Wen pleaded guilty to one count of Conspiracy to Commit Bank Fraud, Wire Fraud, and Mail Fraud, and one count of Conspiracy to Commit Money Laundering. Doc. [270]. On July 9, 2025, the Court sentenced Defendant to seventy-two months of imprisonment on each count, the sentences to run concurrently. Doc. [335]. Presently, Defendant is incarcerated at FCI Yazoo City Low, located in Yazoo City, Mississippi.[1] Now before the Court is Defendant's pro se Motion requesting "placement in BOP at a prison near my region, California, so I could be closer to my family and friends." Doc. [343].

Under 18 U.S.C. § 3621(b), "[t]he Bureau of Prisons shall designate the place of [a] prisoner's imprisonment." While it is true that a district court may make a placement recommendation to the BOP at the time of sentencing, that recommendation is not binding. *Id.*; *see also United States v. Jones*, 528 F. App'x 692, 693 (8th Cir. 2013) (per curiam) (citing *United States v. Kerr*, 472 F.3d 517, 520 (8th Cir. 2006)).[2] The BOP has "plenary control, subject to

---

[1] Defendant's current projected release date is March 23, 2029. *See* https://www.bop.gov/inmateloc/ (last visited Feb. 5, 2026).
[2] At sentencing, the Court expressly declined to make any recommendations as to Defendant. Doc. [340] at 16.

statutory constraints," over Defendant's place of imprisonment. *Tapia v. United States*, 564 U.S. 319, 331 (2011). For that reason, the Court "lack[s] authority to change [Defendant's] place of imprisonment." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Therefore, his "requested transfer must be denied." *United States v. Evans*, 6:09-cr-0150-WSS, 2011 WL 13286695, at *2 (W.D. Tex. Jan. 3, 2011) ("[T]he sentencing court has no authority to order that a convicted defendant be transferred to or from a particular facility.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's pro se Motion for Placement, Doc. [343], is **DENIED**.

Dated this 5th day of February 2026

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE